IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. ELH-16-0499 |
| MILES GUEST, | |
| *Defendant*. | |

**MEMORANDUM**

Defendant Miles Guest pleaded guilty on September 11, 2017, to the offense of Hobbs Act Robbery, involving the use of a firearm. ECF 42. In his guilty plea, tendered pursuant to a Plea Agreement (ECF 43), defendant admitted to the commission of six other armed robberies between December 1, 2015, and January 13, 2016. *Id.* ¶ 6(b); *id.* at 9. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Court sentenced defendant on December 8, 2017, to 130 months of incarceration, with credit dating from defendant's arrest on January 13, 2016. ECF 70.

Guest has filed three motions for reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), and based on Amendment 821 to the U.S. Sentencing Guidelines. ("U.S.S.G." or "Guidelines"). *See* ECF 118, ECF 119, ECF 121 (collectively, the "Motion"). Guest does not specify which part of Amendment 821 he believes entitles him to relief. According to the government, neither Part A (Status Points) nor part B (Zero-Point Offenders) provides Guest with the right to relief. ECF 132.

The Office of the Federal Public Defender has advised that it does not intend to supplement the Motion. ECF 122.

Defendant is currently incarcerated at Petersburg Medium FCI. He has a projected release date of September 30, 2025. *See Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed May 28, 2025).

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall deny the Motion.

## I.   Factual and Procedural Background

A federal grand jury indicted Guest and his codefendant on October 13, 2016. ECF 13. Defendant was charged with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Count One), and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). The offenses occurred on January 13, 2016.

On September 11, 2017, Guest entered a plea of guilty to Count One, Hobbs Act Robbery, pursuant to a Plea Agreement. ECF 43; ECF 43. The plea, tendered under Fed. R. Crim. P. 11(c)(1)(C), called for a sentence ranging from 120 to 144 months of incarceration. ECF 43, ¶ 9. In the Plea Agreement, Guest stipulated to the commission of five other armed robberies. *Id.* ¶ 6(b); *id.* at 9. Notably, Guest agreed that he had brandished a firearm in each of the six robberies he committed. *Id.*

Sentencing was held on December 8, 2017. ECF 69. Defendant was 27 years old at the time. ECF 60 at 3.

The Court found that Guest had a final offense level of 28 and a criminal history category of III. ECF 60, ¶ 75; ECF 116. This equated to Guidelines of 97 to 121 months of incarceration. The Court was mindful that the government did not insist that Guest plead guilty to an offense under 18 U.S.C. § 924(c), with a mandatory minimum sentence that must run consecutive to any other sentence. *See* ECF 71; ECF 116. The Court sentenced Guest to 130 months' incarceration,

2

with credit for time served since his arrest on January 13, 2016. ECF 70. Defendant was also sentenced to a three-year term of supervised release. *Id.* at 3.

Defendant subsequently moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF 102 ECF 106, ECF 107, ECF 115. By Memorandum Opinion and Order of June 9, 2022 (ECF 116, ECF 117), I denied that motion.[1] I said, in part, that "the severity of the instant offense, the length of time the defendant has served to date, coupled with defendant's disciplinary record, militate against defendant's release at this time." *Id.* at 34.

## II. Amendment 821

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Congress created a narrow exception to this general rule in situations when the U.S. Sentencing Commission retroactively amends the applicable Guidelines. Specifically, 18 U.S.C.

---

[1] I incorporate here the factual and procedural summary set forth in ECF 116.

§ 3582(c)(2) permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 924(o)", if the amendment has been made retroactively applicable, and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam); *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *United States v. Riley*, ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (providing that a defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guidelines range"). However, the court may only reduce such a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Fourth Circuit requires the district court to employ a two-step approach in considering § 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are

4

applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. It "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).

Prior to the amendment, under U.S.S.G. § 4A1.1(d), two points were added to a defendant's criminal history score if the defendant committed the underlying offense while under a criminal justice sentence. But, as now codified in § 4A1.1(e), Amendment 821 limits the assignment of such "status points."

In particular, Amendment 821 permits the assignment of only one status point, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, the amendment eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points.").

5

"The Sentencing Commission gave retroactive effect to the amended Guideline . . . beginning on February 1, 2024." *Moore*, 2024 WL 2828103, at *1; *see Barrett*, 133 F.4th at 283. So, under the new provision, U.S.S.G. § 4A1.1(e), only one "status point" is assessed, and only for those with seven or more criminal history points.

Part B provides for a decrease of two offense levels if ten conditions are met. *See* U.S.S.G. § 4C1.1(a). They are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

As detailed above, a court may only modify a term of imprisonment if the sentencing range that was used to establish the defendant's sentence has subsequently been lowered by the Sentencing Commission. Also, any modification must also be consistent with applicable policy statements issued by the Sentencing Commission. One such statement provides: A reduction in the

6

defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (d) is applicable to the defendant; or

(B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2);, 551 F.3d 247, 252 (4th Cir. 2009) (concluding that § 1B1.10 is "a jurisdictional bar to reducing sentences below the range authorized by the Commission").

### III. Discussion

The government insists that Guest is not eligible for any relief because he was not sentenced under a Guidelines range that has been lowered under Amendment 821. ECF 132 at 4. And, the government asserts that, even if defendant were eligible, this Court should decline to exercise its discretion in view of the § 3553(a) factors.

In particular, the government contends Guest did not receive an enhancement under former U.S.S.G. § 4A1.1(d). ECF 132 at 1. According to defendant's presentence report (ECF 60, "PSR"), he did not receive any "status points." *Id.* ¶¶ 74, 75. As such, the government posits that defendant is not eligible for relief because his Guidelines range has not been retroactively changed. ECF 132 at 1; *see United States v. Bailey*, CR 2:95-00002, 2024 WL 3569217, at *1 (S.D. W. Va. July 29, 2024) (denying § 3582(c)(2) motion because no status points had been assessed); *cf. United States v. Harris-Howell*, JKB-19-0036, 2024 WL 1621173 (D. Md. Apr. 15, 2024) (denying motion to appoint counsel to file § 3582(c) motion because the defendant "did not receive any 'status points'" and thus was ineligible for relief).

In addition, the government maintains that Guest does not qualify for relief under U.S.S.G. § 4C1.1. ECF 132 at 2. The government observes that Defendant received five criminal history

points and possessed a firearm in connection with his offense of conviction, both of which disqualify him from a sentence reduction. ECF 132 at 2; *see United States v. Rodriguez*, JKB-16-0259, 2024 WL 1994945, at *1 (D. Md. May 3, 2024) (denying § 3582(c)(2) motion where defendant failed to satisfy all of the criteria in U.S.S.G. § 4C1.1); *accord United States v. Rivera-Paredes*, No. 24-40082, 2024 WL 3051671, at *1 (5th Cir. June 19, 2024) (same).

Moreover, the government argues that, even if defendant could establish "baseline eligibility," this Court should deny relief. ECF 132 at 2. According to the government, the "original sentence remains consistent with the factors outlined in 18 U.S.C. § 3553(a), reflecting the severity of Guest's crimes, his pattern of criminal behavior, and the need for deterrence and public protection." *Id.*

Guest's sentence is not impacted by Amendment 821. Part A to Amendment 821 amended U.S.S.G. § 4A1.1(d), and the new provision, § 4A1.1(e), only allows "status points" for those who have seven or more criminal history points. But, according to defendant's presentence report (ECF 60), he was assessed five criminal history points, based on his prior convictions. *Id.* ¶ 74. Notably, no status points were assessed. *See* ECF 60. Defendant's five criminal history points put him in criminal history category III. *Id.* ¶ 75. In other words, defendant's criminal history score was not subject to any increase, because the underlying offense was not committed while defendant was under another criminal justice sentence.

Moreover, Guest is not a "zero-point offender." *See* U.S.S.G. § 4C1.1(a). As indicated, if the defendant meets all ten of the following criteria, he is eligible for a two level reduction to his offense level:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

Guest squarely fails to qualify under (a)(1), (a)(3), and (a)(7). As discussed, he had five criminal history points. *See* ECF 60, ¶¶ 69, 71, 72, 73. Additionally, he admitted in his Plea Agreement, that he possessed and brandished a firearm in connection with his Hobbs Act Robbery. These circumstances disqualify the defendant from the requested relief. *See Rodriguez*, JKB-16-0259, 2024 WL 1994945, at *1 (because defendant's crime involved death or serious bodily injury, it ran afoul of § 4C1.1(a)(4); the defendant "is not eligible for a sentence reduction under Amendment 821"); *accord Rivera-Paredes*, No. 24-40082, 2024 3051671, at *1 (stating that

9

"[b]ecause Rivera-Paredes received a § 3B1.1(a) enhancement," he was not eligible for relief under 4C1.1(a)(10) and hence was denied a sentence reduction); *United States v. McFarlane*, 18-cr-00025-019, 2024 WL 3066034 at *3 (W.D. Va. June 20, 2024)(concluding that "McFarlane possessed his firearm in connection with his drug offenses and is thus ineligible for a sentence reduction under § 3582(c)(2)"); *United States v. Laveaga*, 2024 WL 1363923 (W.D.N.C. 2024) ("Here, the defendant admitted that he possessed a firearm in his residence where law enforcement also found 3.75 kilograms of fentanyl. . . . He also received an aggravated role enhancement. . . . Accordingly, he is not eligible for relief. USSG § 4C1.1(a)(7), (10)"); *United States v. Armendariz-Garcia*, No. 17-cr-20043-AR-1, 2024 WL 1557573, at *2 (D. Kan. 2024) ("Defendant fails to qualify for a retroactive reduction under U.S.S.G. § 4C1.1 because he possessed a firearm in connection with the relevant offense."). Because Guest does not qualify as a zero-point offender, this Court must deny his motion.

In sum, Guest cannot establish eligibility for a reduction of sentence under Amendment 821. Therefore, his Motion fails.

Even if the Court were to find Guest eligible for consideration under Amendment 821, the factors set forth in 18 U.S.C. § 3553(a) do not support a reduction in his sentence. These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, and protect the public.

As to the nature of the offense, Guest was convicted of a very serious offense: Hobbs Act Robbery. Although he pleaded guilty to one count, he was responsible for six separate armed robberies. This militates against any reduction.

Further, I agree with the government that a sentence reduction would not promote respect for the law. Also, defendant was sentenced under Rule 11(c)(1)(C) and received a sentence within the range for which he bargained, and towards the low end of the range.

Further, the defendant's time in the Bureau of Prisons has been far from ideal. The government previously provided the Court with documents showing that Guest had incurred three disciplinary infractions during his term of imprisonment. ECF 109-3. These included that on September 29, 2020, Guest was sanctioned for the use of drugs and alcohol. *Id*. And, on December 19, 2019, Guest was sanctioned for possession of a hazardous tool. *Id*.

### III.   Conclusion

For the reasons stated above, I shall deny the Motion. An Order follows.

Date:   May 29, 2025                                 /s/
                                                                     Ellen L. Hollander
                                                                     United States District Judge